United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40983
Conference Calendar

_____

RUBEN ROCHA,

Petitioner-Appellant,

versus

RUDY CHILDRESS, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-668
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ruben Rocha, federal prisoner # 18815-077, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, wherein he challenged his conviction for using or carrying a firearm during commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Rocha challenged his conviction based on Bailey v. United States, 516 U.S. 137 (1995).

Rocha argues that his challenge to the firearms offense falls within the savings clause of 28 U.S.C. § 2255. "[T]he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

This court has already held that the evidence was sufficient to support Rocha's conviction for carrying a firearm under § 924(c). See United States v. Rocha, 916 F.2d 219, 236-37 (5th Cir. 1990). We have also held that this prior holding precludes Rocha from seeking the application of the savings clause under § 2255. See United States v. Rocha, 2002 WL 31049460 at *1 (5th Cir. Sept. 3, 2002). Rocha has not shown that he meets the first prong of the Reyes-Requena test. See Reyes-Requena, 243 F.3d at 904.

Accordingly, the district court's judgment is AFFIRMED.